### CUSHMAN v. CUSHMAN et al.

(Supreme Court, Appellate Division, Second Department.   March 17, 1905.)

WILLS—DISTRIBUTION OF ESTATE—DISCRETION OF EXECUTOR—SCOPE.

> A will devised testator's residuary estate to executors in trust to pay the income to testator's three sons ·until the youngest should attain the age of 25 years, at which time the estate was to be divided between the surviving sons in equal shares.   This division was to be made subject to the proviso that the sons should at that time be of good moral habits, and, in the judgment of the executors, competent to take charge of the property bequeathed to them. If any son was of immoral or improvident habits, his share was to be withheld, and the trust was to be continued as to him. The will expressly declared testator's intention to vest his executors with discretion in regard to the capacity, moral character, and habits of the sons.   Held, that the discretion conferred did not contemplate an arbitrary exercise of power, and they were not entitled to withhold from a son his share of the principal of the estate if he was in fact competent and of good moral character, and was so regarded by the executors.

Appeal from Special Term, Kings County.

Action by Mary F. Cushman, as executrix of Thomas H. Cushman, deceased, against Harry C. Cushman, individually and as executor of Paul Cushman, deceased, and others.   From an interlocutory judgment sustaining demurrers to the complaint, plaintiff appeals.   Reversed.

Argued before BARTLETT, JENKS, HOOKER, RICH, and MILLER, JJ.

Frederick Seymour (Louis N. Whealton, on the brief), for appellant.

James F. Tracey (Frederick Townsend, on the brief), for respondents.

W.ILLARD·BARTLETT, J.  ·The plaintiff is the sole executrix
of Thomas H. Cushman.   In this suit she seeks to recover a trust
estate.created for the benefit of her late husband· by the will of
his father, Robert S. Cushman.   By the eighth clause of his will,
Robert· S. Cushman devised and bequeathed his residuary estate
"to the executors hereinafter named and appointed of this my last
will and testament," in trust to convert the same into money and
invest the proceeds, and out of the income to pay $200 a year to a
brother of the testator for life, and to pay the remaining income (the
whole after the death of the brother)· to the testator's three sons,
Oliver J. Cushman, John T. Cushman, and Thomas H. Cushman,
until the testator's youngest child should attain the age of 25, or
would, if living, have attained that age.   The will continued as
follows:

"And upon the happening of that event, I order and direct the executors
hereinafter mentioned of this my will, to divide my said estate into as many
equal parts or shares as there shall then be living of my said three sons
above mentioned and one of which said equal shares or parts I then order
and direct shall be paid to each of said three sons or to the survivors or
survivor of them, by my said executors subject to the provisions hereinafter
mentioned.  Provided, however, that such sons are then or shall at that
time, be of good moral habits and shall be in the judgment of my said executors
competent to take charge of and prudently use, manage and dispose of such
shares so respectively to them bequeathed, in my said residuary estate, but
in case my said sons or either of them, shall at the time or period above men-
tioned when the youngest shall have so attained to the age of twenty-five
years, be of so immoral, prodigal or improvident habits and character, as
shall render him or them or either of them incompetent to properly and pru-
dently use and manage such share of shares of my estate in the judgment and
opinion of my said 'executors, I do then and in such case order and direct
my said executors to withhold from such son or sons his share or portion
aforesaid and to retain the same in the possession of my said executors as
trustees thereof to continue to collect and receive the income annually or
oftener accruing upon such share or shares so withheld and retained and to
pay. over or in their discretion to apply such annual income to the use, main-
tenance and support of such son or sons, from whom such share or shares
is or may be withheld as aforesaid, in each and every year, during the life-
time of such child or children, and in case of the death of such child or of
either of such children or of either of'my said three· children leaving no law-
ful issue surviving before receiving actual possession of his share or portion
aforesaid of my estate, then and in such case, I give and bequeath the share
or portion of such child or children so dying to my brother Paul and to his
heirs forever, but otherwise then to the lawful issue of·such of my children
as may die leaving such lawful issue him or them surviving.  But, I do further
hereby expressly provide and it is my will that in case either of my said sons
who shall or may be incompetent at the period above mentioned in the judg-
ment of my executors to receive and properly manage his share or portion of
my estate, shall at any time afterwards so reform his habits and so conduct him-
self as to render him in the judgment of. my said executors competent,to man-
age and prudently use and dispose of his said share or portion of my estate,
that then and in such case my said executors shall be at liberty in their dis-
cretion to pay over and transfer such share to such son or sons absolutely.
It is hereby expressly declared to be my desire, wish and intention to vest
my said executors and their survivor with the discretion of judging in regard
to the capacity moral character and habits of my said sons in respect to their
competency respectively to properly and prudently manage and dispose of
their respective shares in my. residuary estate, and to withhold the said
principal of said shares'from either or any or to convey and transfer the same
to either or any of my said sons, as the exercise of their sound discretion and

honest judgment in the premises shall deem fit and proper and in accordance with my will herein expressed in regard to my sons but neither of my said executors shall in any manner be held liable for any error of judgment in the premises."

By the last clause of the will, Theodore Townsend and Henry Martin of Albany, friends of the testator, were appointed executors. Their appointment was expressly revoked by a codicil which appointed the testator's brother Paul Cushman and S. O. Shepard, of Albany, sole executors in their place and stead.

The testator left, him surviving, the three sons mentioned in the will, and for whose benefit the residuary estate was left in trust— Oliver J. Cushman, John T. Cushman, and Thomas H. Cushman. Oliver J. Cushman died in 1887, and John T. Cushman died in 1886, and their shares in the residuary estate have passed to others, under the residuary clause of their father's will. Thomas H. Cushman, the third son, plaintiff's husband, died in 1898, at the age of 44; making his wife his sole devisee, legatee, and executrix. Letters testamentary under the will of Robert S. Cushman were issued only to Paul Cushman, his brother. Paul died in 1895, and the defendant Harry C. Cushman, his sole executor, took possession not only of Paul Cushman's estate, but of all that part of the residuary estate of Robert S. Cushman which had not been distributed by Paul. At the time of Paul Cushman's death he had in his possession, as executor and trustee under the will of Robert S. Cushman, securities worth about $50,000, which he had set apart and claimed to hold in trust under the residuary clause of said will for the separate benefit of the plaintiff's husband. These securities have come into the possession and control of the defendant Harry C. Cushman, with knowledge on his part of their character as trust property. The plaintiff in this suit, by a complaint alleging the foregoing facts, and containing one other allegation, to which more particular attention will hereafter be directed, prays for a judgment that such securities be impressed with a trust in favor of her late husband, Thomas H. Cushman, and that it be decreed that he was entitled to the principal, and that the same vested in him in his lifetime, and that the defendant Harry C. Cushman be required to account for the same. The complaint contains an allegation that Rebecca W. Sypher and several defendants other than Harry C. Cushman claim some interest in the said trust property, and have received some portion thereof from the defendant Harry C. Cushman. Harry C. Cushman and Rebecca W. Sypher have demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. Their demurrers have been sustained at Special Term, and the plaintiff appeals.

Several interesting questions were argued orally before us, and are discussed in the briefs of counsel, which it does not seem necessary to pass upon in order to determine this appeal. As was intimated in the course of the argument, we think that the allegations contained in the twelfth numbered paragraph of the complaint suffice to make out a cause of action, when considered together with

all the other allegations, which are to be deemed admitted by force of the demurrer. The twelfth paragraph reads as follows:

"That the plaintiff's husband, Thomas H. Cushman, attained the age of twenty-five years in or about the year 1879, and prior to the death of said Paul Cushman, and down to the time of his own death, was of good moral habits, and competent to receive, take charge of, and to properly and prudently use, manage, and dispose of, the entire share bequeathed or intended to be bequeathed to him under the will of his father, Robert S. Cushman, not only in fact, but, as plaintiff is informed and believes, also in the judgment of the said Paul Cushman shortly before his death, and the said Thomas H. Cushman was not then of such immoral, prodigal, or improvident habits and character as to render him incompetent, in fact, or in the judgment of the executors of the will of Robert S. Cushman, to properly and prudently use and manage his share of said estate."

Assuming that Paul Cushman, although appointed by the codicil, and acting without the co-operation of the other executor named therein, could lawfully exercise the discretionary power provided for in the residuary clause of the will of Robert S. Cushman, he could not properly withhold Thomas H. Cushman's share if the facts alleged in this twelfth paragraph of the complaint were true. The discretion conferred upon the executors, although extensive in scope and effect, did not contemplate an arbitrary or capricious exercise of power. It was only if they judged the facts to be adverse to a favorable estimate of the character and competency of the beneficiaries that they were to withhold the principal; and the sole executor had no longer any authority to withhold it from the plaintiff's husband, when it was not only the fact that he was competent and of good moral character, as alleged in the twelfth paragraph of the complaint, but it was also true, as therein alleged, that such was the judgment of the sole executor.

This view requires a reversal of the interlocutory judgment. It may be difficult for the plaintiff to prove the allegations of the twelfth paragraph, but they suffice to save the complaint on demurrer. All concur, except HOOKER, J., not voting.